**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FILOMENO TORRES, | No. 13-73223 |
| Petitioner, | |
| v. | Agency No. A095-785-923 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Filomeno Torres, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's finding that Torres failed to establish a clear probability of future persecution on account of his political opinion, membership in a particular social group, or other protected ground. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003) (record did not compel a finding of a clear probability of future persecution); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, we deny Torres' petition as to his withholding of removal claim.

Substantial evidence also supports the agency's denial of CAT relief because Torres failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Thus, we deny Torres' petition as to his CAT claim.

**PETITION FOR REVIEW DENIED**.